Filed 2/16/22  P. v. Jones CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TYRONE DAMION JONES,<br><br>      Defendant and Appellant. | A160721<br><br>(San Mateo County<br>Super. Ct. No. SC046788A) |

In 2000, appellant Tyrone Damion Jones was convicted of multiple sexual and assaultive offenses committed when he was 22 years old.  He was sentenced to 240 years to life in state prison after allegations under the Three Strikes law and various enhancements and allegations were found true.  (Pen. Code, §§ 664/261, subd. (a)(2), 289, subd. (a)(1), former 288a, subd. (c)(2), 261, subd. (a)(2), 245, subd. (a)(1), 422, 12022.8, 667, subd. (a), 667.61, 1170.12, subd. (c)(2).)[1]  In the appeal from the original judgment, we remanded the case for correction of a single sentencing error—imposition of one serious felony prior instead of two—but otherwise affirmed.

---

[1] Further statutory references are to the Penal Code.

1

After the law regarding the parole of youthful offenders changed, appellant filed a postjudgment motion under section 1203.01 seeking to develop a record of mitigating circumstances for an eventual youthful offender parole hearing in accordance with *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).[2] (See § 3051.) The court denied the motion.

We affirm. We conclude appellant was not entitled to a *Franklin* hearing because he was sentenced under the Three Strikes law and he is not eligible for a youthful offender parole hearing. (§ 3051, subd. (h).) Following the decisions in *People v. Wilkes* (2020) 46 Cal.App.5th 1159, 1165–1167, review denied Jul. 15, 2020 (*Wilkes*) and *People v. Moore* (2021) 68 Cal.App.5th 856, 861–864, review denied Dec. 1, 2021 (*Moore*), we reject his argument that section 3051 violates equal protection principles in exempting youthful offenders convicted under the Three Strikes law from its provisions.

## I. DISCUSSION

"In response to a series of decisions addressing Eighth Amendment limits on juvenile sentencing (see, e.g., *Miller v. Alabama* (2012) 567 U.S. 460[]; *Graham v. Florida* (2010) 560 U.S. 48, 75[]), the Legislature enacted section 3051. (Sen. Bill No. 260 (2013–2014 Reg. Sess.), Stats. 2013, ch. 312, §§ 1, 4; *In re Trejo* (2017) 10 Cal.App.5th 972, 980–981[].) In its current form,

---

[2] Appellant originally filed a petition for writ of habeas corpus with this Court, which we denied "without prejudice to [appellant] filing a motion in the trial court under the authority of Penal Code section 1203.01 and *In re Cook* (2019) 7 Cal.5th 439." (*In re Jones* (Mar. 12, 2020, A156593) [nonpub. order].)

the statute provides an opportunity for release (via youthful offender parole hearings) to most persons convicted of crimes committed before the age of 26 in their 15th, 20th, or 25th year of incarceration, depending on the sentence imposed for their ' "[c]ontrolling offense." ' (§ 3051, subds. (a)(2)(B); see *id.*, subd. (b)(1)–(4).)." (*People v. Sands* (2021) 70 Cal.App.5th 193, 197–198 (*Sands*).)

Section 3051 carves out an exception for offenders who are over 18 years of age at the time of their offense and who are either sentenced to life without the possibility of parole (LWOP) or are sentenced under the One Strike or Three Strikes laws, and makes such offenders ineligible for a youthful parole hearing. (§ 3051, subd. (h).) Appellant argues that this provision violates equal protection, by treating youthful offenders sentenced under the Three Strikes law more harshly than youthful offenders convicted of non-special circumstance murder and many other offenses which carry lengthy sentences. We construe appellant's claim as a facial challenge to the law and review it de novo. (See *People v. Wolf* (2018) 20 Cal.App.5th 673, 687.)

To bring a successful claim of an equal protection violation, a defendant must show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*Moore, supra*, 68 Cal.App.5th at p. 862.) We do not ask whether the two groups are similarly situated for all purposes, but whether they are similarly situated for purposes of the law challenged. (*Ibid.*) " 'Where a class of criminal defendants is similarly situated to another class of defendants who are

3

sentenced differently, courts look to determine whether there is a rational basis for the difference.' " (*Wilkes*, *supra*, 46 Cal.App.5th at p. 1165.)

In *Wilkes*, *supra*, 46 Cal.App.5th 1159, this Court rejected the equal protection challenge of a youthful offender sentenced under the Three Strikes who was thus, by statute, ineligible for youthful parole. (*Id.* at p. 1164.) On appeal, the defendant argued that he was similarly situated for purposes of youthful parole to other youthful offenders who were not sentenced pursuant to the Three Strikes law, and there was no rational basis for the different treatment. (*Id.* at pp. 1164–1165.) The *Wilkes* court disagreed: "Numerous courts have rejected equal protection challenges to the differential treatment of Three Strikes offenders, concluding that such offenders are not similarly situated to non-recidivist offenders and/or that a rational basis exists to treat them differently. . . . The reasoning of these cases applies here." (*Id.* at pp. 1165–1166.)

As *Wilkes* explained, "The purpose of section 3051 is 'to give youthful offenders "a meaningful opportunity to obtain release" after they have served at least 15, 20, or 25 years in prison (§ 3051, subd. (e)) and made " 'a showing of rehabilitation and maturity' " ['] and 'to account for neuroscience research that the human brain—especially those portions responsible for judgment and decisionmaking—continues to develop into a person's mid-20s.' [Citation.] Assuming a Three Strikes [youthful] offender is similarly situated to other [youthful] offenders for purposes of section 3051, the Legislature could rationally

4

determine that the former—'a recidivist who has engaged in significant antisocial behavior and who has not benefited from the intervention of the criminal justice system' [citation]— presents too great a risk of recidivism to allow the possibility of early parole." (*Wilkes*, *supra*, 46 Cal.App.5th at pp. 1165–1166.) The reasoning of *Wilkes* was recently followed in *Moore*, *supra*, 68 Cal.App.5th at pages 863 to 864.

Appellant relies on *People v. Edwards* (2019) 34 Cal.App.5th 183, 195 (*Edwards*) to support his argument that youthful offenders convicted under the Three Strikes law are similarly situated to other offenders who are eligible for youthful parole. In *Edwards*, the court held the statutory exclusion of youths convicted and sentenced for sex crimes under the One Strike law (§ 667.61) violated equal protection because there was "no rational relationship between the disparity of treatment [of One Strike offenders] and a legitimate governmental purpose" (*id*. at p. 197). The *Edwards* court noted that section 3051 included "first degree murderers but exclude[d] One Strikers" (*Id*. at p. 195).[3]

---

[3] The California Supreme Court is currently considering whether it violates equal protection to exclude young adults convicted under the One Strike law from youthful offender parole consideration under section 3051 when offenders convicted of first-degree murder without special circumstances are not excluded. (*People v. Williams* (2020) 47 Cal.App.5th 475, review granted July 22, 2020 (S262229).)

*Edwards* is distinguishable. "As *Wilkes* explained, ' "The 'One Strike' law is an alternative, harsher sentencing scheme that applies to specified felony sex offenses," ' such that ' "a first-time offense can result in one of two heightened sentences." ' [Citation.] The distinguishing characteristic of Three Strikes offenders, of course, is that they are not being sentenced for a first-time offense. Thus, the ample authority rejecting equal protection challenges from Three Strikes offenders did not apply in *Edwards*. Indeed, *Edwards* itself took pains to ' "note that criminal history plays no role in defining a One Strike crime" ' and that " '[t]he problem in this case is' " the categorical exclusion of " 'an entire class of youthful offenders convicted of a crime short of homicide . . . , *regardless of criminal history . . . .*' " ' " (*Moore*, *supra*, 68 Cal.App.5th at p. 864; see also *Sands*, *supra*, 70 Cal.App.5th at p. 205.)

Appellant urges us to reconsider our holding in *Wilkes* because it relies on case law holding there is no equal protection violation in punishing recidivists more harshly than other offenders (*Wilkes*, *supra*, 46 Cal.App.5th at p. 1166), yet the purpose of section 3051 is not to measure the extent of punishment. He cites the concurring opinion in *In re Jones* (2019) 42 Cal.App.5th 477, 485–486 (conc. opn. of Pollak, J.) (*Jones*), which noted "the purpose of section 3051 is not to measure the extent of punishment warranted by the offense the individual committed but to permit the evaluation of whether, after years of growth in prison, that person has attained the maturity to lead a law-abiding life outside of prison."

*Jones* involved the constitutionality of a different statute, section 1170, subdivision (d)(2), which allowed those who were under 18 at the time of their offense and were sentenced to LWOP to petition for recall of their sentence while those who were between 18 and 25 (the age range for youthful offender parole) and were sentenced to LWOP could not. (*Jones*, *supra*, 42 Cal.App.5th at pp. 481–483.) The court unanimously determined that it did not violate equal protection to make 18 the dividing line for purposes of sentencing (or resentencing) under section 1170, subdivision (d)(2), but the concurring Justice noted "it does not necessarily follow that there is a rational basis" for excluding those sentenced to LWOP from the benefit of section 3051. (*Id.* at p. 486 (conc. opn.).)

The defendant in *Jones* was statutorily ineligible for youthful parole under section 3051 by virtue of his LWOP sentence. Like other courts, we have rejected the argument and the suggestion in the *Jones* concurrence that this violates equal protection. (*Sands*, *supra*, 70 Cal.App.5th at pp. 202–206; see, e.g., *People v. Acosta* (2021) 60 Cal.App.5th 769, 780–781; *In re Murray* (2021) 68 Cal.App.5th 456, 462–465; *People v. Morales* (2021) 67 Cal.App.5th 326, 349–350 (*Morales*);[4] *In re Williams* (2020) 57 Cal.App.5th 427, 433–436.) But even if we had not

_____

[4] *Morales* was decided by the same Division of this Court that decided *Jones*. Justice Pollak filed a dissenting opinion following the reasoning of the concurrence in *Jones*, and concluding that it violated equal protection to exclude those sentenced to LWOP from parole under section 3051. (*Morales*, *supra* 67 Cal.App.5th at pp. 350–355 (conc. and diss. opn., Pollak, J.).)

decided that issue, we would conclude that for purposes of youthful parole, the Legislature could rationally decide that " 'a recidivist who has engaged in significant antisocial behavior and who has not benefited from the intervention of the criminal justice system' " should be treated differently, for purposes of parole, than one who has not already been convicted of a serious or violent felony.  (*Wilkes*, *supra*, at p. 1166.)

## II.  DISPOSITION

The judgment (order denying motion under section 1203.01) is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

SIMONS, J.

*People v. Jones* / A160721